Rhonda K. Wood, Justice, concurring. This appeal has an inadequately developed record. We do not know the Arkansas State Police’s policy and plans for handling sobriety checkpoints. In addition, the witnesses’ testimony was vague, and the State failed to introduce any written policies and procedures. Our review is limited to .the record before us, and in this instance there simply was no evidence of a neutral and explicit plan that could pass constitutional muster. I join the majority as to this point. I write separately because I believe it is unnecessary for this court to deviate from our precedent and adopt the factors the Tennessee Supreme Court set out in State v. Hicks, 55 S.W.3d 515 (Tenn. 2001). By adopting these factors, the majority’s opinion further erodes reasonable local discretion regarding sobriety checkpoints. This additional step is unnecessary to reach the decision in this case. Nor must law enforcement comply with these factors to conduct a constitutional sobriety checkpoint, The majority cites Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979) to introduce why it is adopting the Tennessee factors for evaluating field-officer discretion. However, Prouse does not require such erosion of local discretion. In fact, in Prouse, the United States Supreme Court stated only that “the discretion of the official in the field be circumscribed, at least to | wsome extent.” Id. at 661, 99 S.Ct. 1391 (emphasis added). The Eighth Circuit Court of Appeals has stated that “[w]e find no authority, either in the Constitution -or the common law, which demands that an officer be ... denied reasonable discretion which is necessary to conduct a series of traffic stops occurring in a free and unstructured world.” Brouhard v. Lee, 125 F.3d 656, 660 (8th Cir. 1997). By adopting the Tennessee factors, this court goes much further than the Constitution requires. Indeed, the Tennessee court’s decision was explicitly based on the Tennessee Constitution. Hicks, 55 S.W.3d at 533. Neither the United States Constitution nor the Arkansas Constitution requires us to adopt factors that will inevitably result in micromanaging law enforcement. I do not join the majority’s opinion as to the second point. Brill, C.J., joins.